```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| FABIO MARIN, | HONORABLE JEROME B. SIMANDLE |
| Petitioner, | |
| v. | Civil Action<br>No. 15-7968 (JBS) |
| WARDEN OF FCI FORT DIX, | |
| Respondent. | **OPINION** |

APPEARANCES:

Fabio Marin, Petitioner Pro Se
# 43319-053
FCI Fort Dix
PO Box 2000
Fort Dix, New Jersey 08640

Irene Dowdy, Esq.
Office of the United States Attorney
401 Market Street, Fourth Floor
PO Box 2098
Camden, New Jersey 08101
    Attorney for Respondent Warden of FCI Fort Dix

**SIMANDLE, Chief Judge:**

**I. INTRODUCTION**

Fabio Marin, a federal prisoner confined at FCI Fort Dix filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 alleging the Bureau of Prisons ("BOP") improperly denied him good time credits. (Amended Petition, Docket Entry 4). Having reviewed the written submissions of the parties, and for the reasons expressed below, this Court will dismiss the petition as moot.

**II.   BACKGROUND**

Petitioner, a citizen of Columbia, was sentenced by the Southern District of New York to a custodial term of 120 months followed by a five-year period of supervised release. *United States v. Fabio Alonso Marin Dugue*, No. 07-cr-197-03 (S.D.N.Y. Dec. 5, 2008); (Amended Petition ¶ 1). According to Petitioner, he is subject to deportation upon the conclusion of his custodial term. (Amended Petition ¶ 1).[1]  He alleges that in August 2015, the BOP informed him he will not "receive any good time days and will lose most of what he now possess [sic] unless [he] learns to speak English and/or attend classes to learn to speak English unless [he] can provide 'a valid reason & [it is] Documented stating [he] cannot participate in the English teaching program[.]'" (Id. ¶ 3 (emphasis in original)). He asserts he was supposed to be eligible for release in November 2015 or February 2016 at the latest. (Id. ¶ 6).[2]

Petitioner filed this petition on November 9, 2015, asking the Court to order the BOP to provide a justification for requiring him to learn English in order to be eligible for good time credits and to restore any lost good time credits. (Docket Entry 1). The Court

---

[1] Respondent admits an ICE detainer has been entered, but denies a final order of removal has been issued. (Answer, Docket Entry 5 ¶ 1). In any event, the petition does not concern Petitioner's immigration status.
[2] At the time Respondent was ordered to answer the petition, the BOP had calculated Petitioner's projected release date to be May 17, 2016. (Respondent's Exhibit 2, Docket Entry 5-3)

administratively terminated the petition as Petitioner had not paid the filing fee or submitted an application to proceed *in forma pauperis*. (Docket Entry 2). The Clerk's Office received the filing fee on December 17, 2015, and the matter was reopened for judicial review.

On December 22, 2015, the Clerk's Office received another petition and filing fee from Petitioner. *See Marin v. Fort Dix Co.*, No. 15-8827 (D.N.J. filed Dec. 22, 2015). As the new petition raised the same claims as his previous one, the Court ordered the new petition to be filed in this action as an amended petition and for the new action to be closed. (Docket Entry 3). The Court then ordered Respondent to answer within 14 days. (Id.). Petitioner was informed he could respond to the answer if he so chose within 7 days of receiving the answer. (Id.).

Respondent filed its answer on January 26, 2016. (Answer, Docket Entry 5). It conceded the BOP had erred in the calculation of Petitioner's good time credits and release date. According to Respondent, "Marin previously had been credited with earning 42 days of [good time credits] per year, rather than the maximum amount of 54 days of [good time credits] for each year served." (Id. at 6 (citing 18 U.S.C. § 3624(b)). Upon discovery of the error, the BOP recalculated Petitioner's sentence for a new projected release date of February 14, 2016. (Respondent's Exhibit 3, Docket Entry 5-4). Subsequently, by letter dated February 22, 2016, the government confirmed that Petitioner was released on

3

February 12, 2016 from BOP custody. [Docket Item No.6]. It asks the Court to dismiss the petition as moot or, in the alternative, for failure to exhaust administrative remedies. Petitioner did not file a traverse.

### III. DISCUSSION

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless ... He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3). "Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Coady v. Vaughn*, 251 F.3d 480, 485–86 (3d Cir. 2001). In this action, Petitioner challenges the BOP's calculation of his good time credits. If the BOP incorrectly determined his eligibility for early release, the error carries a potential for a miscarriage of justice that can be corrected through habeas corpus. *See Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241–44 (3d Cir. 2005); *Barden v. Keohane*, 921 F.2d 476, 478–79 (3d Cir. 1990).

The exercise of judicial power depends upon the existence of a case or controversy because Article III of the Constitution limits the judicial power of federal courts to "cases or controversies" between parties. U.S. CONST. art. III, § 2. "The 'case or controversy requirement subsists through all stages of federal

judicial proceedings, trial and appellate. . . . The parties must continue to have a personal stake in the outcome of the lawsuit.'" *Chestnut v. Warden Lewisburg USP*, 592 F. App'x 112, 113 (3d Cir. 2015) (omission in original) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477–78 (1990)). "'[T]hroughout the litigation,' the party seeking relief 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *United States v. Juvenile Male*, 131 S. Ct. 2860, 2864 (2011) (alteration in original) (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)).

Here, Petitioner asks this Court to compel the BOP to justify the denial of good time credits and to order it to award him the good time credits to which he believes he is entitled. Respondent has conceded that the BOP improperly calculated the amount of credits Petitioner earned during his incarceration and that the date of his release was incorrect. The BOP has corrected this error and awarded Petitioner the maximum amount of credits that is permissible under 18 U.S.C. § 3624(b)(1), 54 days per year served. It has recalculated Petitioner's projected release date to be February 14, 2016, (Exhibit 3), which is the date reflected on the BOP's inmate locator. BOP Inmate Locator, *available at* http://www.bop.gov/inmateloc/ (last visited February 4, 2016). The release has actually occurred on February 12, 2016, as noted above.

Petitioner has already received all the relief this Court could have ordered if it had granted a Writ of Habeas Corpus. The

5

BOP's recalculation of Petitioner's sentence renders the petition moot because Petitioner is no longer threatened with "an actual injury traceable to the [BOP] and likely to be redressed by a favorable judicial decision." *Spencer*, 523 U.S. at 7; *see also Wilson v. Reilly*, 163 F. App'x 122, 125 (3d Cir. 2006) (When the Parole Board provided habeas petitioner with the relief sought in his § 2241 petition, this rendered his habeas claim moot). The Court will therefore dismiss the Petition as moot.[3]

## IV. CONCLUSION

Based on the foregoing, the Court will dismiss the Petition as moot. An accompanying Order will be entered.

 **February 23, 2016**    **s/ Jerome B. Simandle**
Date                     JEROME B. SIMANDLE
                         Chief U.S. District Judge

---

[3] As the petition is being dismissed as moot, it is unnecessary to address Respondent's alternative argument that Petitioner failed to exhaust administrative remedies.